19-3071-cr
*United States v. Thomas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
           DENNY CHIN,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee,*


           -v-                                         19-3071-cr

GREGORY THOMAS, AKA Little Earl, E-Z,
                   *Defendant-Appellant,*

BILLY J. APPLINS, AKA Gee, AKA Billy Pringle,
JAMES KELLY, AKA Boom, NATHAN SPEIGHTS,
AKA The Mole, DENNIS JONES, AKA Denny Man,
AKA Crazy D, AKA JJ, ISMAIL PIERCE, AKA Bird,
AKA Rocket, AKA Holiday, AKA Styles,
AKA Streets, JERRAWN THOMAS, AKA Piper,
AKA Jerrod, RONNIE PARNELL, AKA Slick,

JOSEPH DERBY, AKA Bird, AKA Dirt,
WILLIAM ROBINSON, AKA Gugu, AKA Googs,
AKA Google, CHARMISH SINGLETARY,
AKA Meechie, AKA Sly, LONNIE SINGLETARY,
AKA LA, GREGORY GRIFFIN, AKA Meeshack,
ANDRE APPLINS, AKA AJ, TYLER WILLIS,
AKA Trouble T, SKYLER WILLIS, AKA SKY,

       *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:       Steven D. Clymer, Assistant United
             States Attorney, *for* Antoinette T. Bacon,
             United States Attorney for the Northern
             District of New York, Syracuse, New
             York.

FOR DEFENDANT-APPELLANT:  Molly K. Corbett, Assistant Federal
             Public Defender, *for* Lisa A. Peebles,
             Federal Public Defender, Albany, New
             York.

Appeal from the United States District Court for the Northern District of New York (Norman A. Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Gregory Thomas appeals from the memorandum decision and order of the district court entered September 10, 2019, denying his motion for a reduction of his sentence pursuant to § 404(b) of the First Step Act. *See* Pub. L. No.

---

*  The Clerk of the Court is respectfully requested to amend the official caption of this action to conform to the caption listed above.

115-391, 132 Stat. 5194, 5222 (2018) (codified at 21 U.S.C. § 841(b)). On appeal, Thomas argues that the district court (i) erred when it determined that he was not eligible for a reduced sentence under the First Step Act and (ii) abused its discretion when it decided not to exercise its discretion to reduce his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2006, Thomas was charged with racketeering conspiracy based on his participation in Elk Block, a gang whose activities included murder, attempted murder, assault, the use of firearms, and drug trafficking. A jury found, *inter alia*, that, as part of his racketeering activity, Thomas conspired to distribute and/or possess with intent to distribute 50 grams or more of crack cocaine. The district court initially sentenced Thomas principally to 360 months' imprisonment.

Thomas appealed, and in 2011, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), this Court remanded for resentencing. *See United States v. Applins*, 637 F.3d 59, 83-84 (2d Cir 2011). On remand, the district court resentenced Thomas to 292 months' imprisonment. In 2017 Thomas moved *pro se* for a sentencing reduction under Amendments 706, 750, and 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The district court granted Thomas's motion on March 30, 2018, and reduced his sentence to 235 months' imprisonment.

On February 22, 2019, Thomas moved *pro se* to reduce his sentence further pursuant to the First Step Act, with appointed counsel filing a supplemental

memorandum in support on July 10, 2019. Thomas argued that, because a predicate for his racketeering crime was conspiracy to traffic in 50 or more grams of cocaine base, the penalties for his racketeering conviction were tied to 21 U.S.C. § 841, and thus his crime was a covered offense eligible for a sentence reduction under the First Step Act. Thomas further argued that his educational achievements during incarceration and seven years without any disciplinary infractions supported a sentence reduction.

In its September 10, 2019 decision, after expressing doubt as to whether Thomas's RICO conviction was a covered offense, the district court concluded that it "need not resolve" the question because it "ha[d] already resentenced [Thomas] and given full effect to Guideline Amendments 782 and 788," and Thomas therefore had already received a sentence reduction under the Fair Sentencing Act. App'x at 211 (emphasis omitted). Nonetheless, the district court proceeded to consider whether to grant Thomas a further reduction as a discretionary matter, concluding as follows:

> Finally, Defendant argues that "the Court should exercise its discretion to impose a reduced sentence." (Dkt. No. 1176-1, pp. 7-9). Defendant explains that he "has applied himself to both his education and ability to support himself once he leaves BOP Custody." (*Id.*, p. 9). In a letter to the Court, Defendant states that he received his GED in 2013, and has stayed out of trouble for seven years. (Dkt. No. 1185). Defendant's efforts are commendable, and he is encouraged to continue to improve himself. But after careful review of the circumstances of his conviction and the evidence presented at trial, the Court finds that Defendant's sentence of 235 months remains appropriate under 18 U.S.C. § 1963(a) and 18 U.S.C. § 3553(a).

-4-

> In sum, Defendant is not entitled to relief under the First
> Step Act because he has already received the sentencing
> benefits provided therein. Further, the Court declines to
> exercise its discretionary authority to reduce Defendant's
> sentence on any other basis.

App'x at 211.

This appeal followed.

### *DISCUSSION*

We review the denial of a motion for a discretionary sentence reduction

for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

The First Step Act provides a statutory basis for a sentence reduction for "covered

offense[s]," defined as "violation[s] of a Federal criminal statute, the statutory penalties

for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Pub. L.

No. 115-391, § 404(a), 132 Stat. at 5222. As relevant to Thomas, Section 2 of the Fair

Sentencing Act increased the threshold quantity for conviction under § 841(b)(1)(A)

from 50 to 280 grams of crack cocaine under § 841(b)(1). *See* Pub. L. No. 111-220, § 2(a),

124 Stat. 2372, 2372 (2010).

Although the First Step Act permits resentencing, it limits its application

in two ways: it prohibits courts from hearing motions (1) if the sentence at issue was

"previously imposed or previously reduced in accordance with" the Fair Sentencing Act

or (2) if a previous motion made under the First Step Act was denied "after a complete

review of the motion on the merits." Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222.

Courts evaluating motions for sentence reductions under the First Step Act first determine whether the defendant is eligible for relief and second, if eligible, evaluate whether he is entitled to relief. *See Holloway*, 956 F.3d at 666 (noting that although a defendant "is plainly *eligible* for relief, he is not necessarily *entitled* to relief"). In evaluating whether a defendant is entitled to relief, courts may consider the relevant § 3553(a) factors. *See* 18 U.S.C. § 3553(a); *United States v. Rose*, 379 F. Supp. 3d 223, 234-35 (S.D.N.Y. 2019). The second-step decision to reduce a defendant's sentence under the First Step Act is entirely discretionary. *See* Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); *United States v. Johnson*, 961 F.3d 181, 185 (2d Cir. 2020).

Here, the district court assumed that Thomas was eligible for resentencing under the First Step Act but concluded that he had already received the benefits of the Fair Sentencing Act. Nonetheless, it moved to the second step in the analysis, evaluating whether Thomas was entitled to a sentence reduction as a discretionary matter "on any other basis," App'x at 211, and concluding that he was not. *See Holloway*, 956 F.3d at 666.

On this record, we need not decide whether Thomas was convicted of a "covered offense" or whether the district court erred in concluding that he had already received the benefits of the First Step Act. Even if we were to resolve that issue in Thomas's favor, *see Johnson*, 961 F.3d at 185, the district court made clear that it would

not exercise its discretion to reduce Thomas's sentence further in any event. *See United States v. Pristell*, 941 F.3d 44, 49 (2d Cir. 2019). We identify no abuse of discretion in this decision. Weighing the relevant § 3553(a) factors, the district court acknowledged that Thomas's educational attainments and disciplinary record were "commendable" but nevertheless concluded that, in light of "the circumstances of his conviction and the evidence presented at trial . . . [his] sentence . . . remains appropriate" and so "decline[d] to exercise its discretionary authority" to reduce his sentence. App'x at 211; *see Rose*, 379 F. Supp. 3d at 234-35. The district court's reasoning neither depended on a "clearly erroneous factual finding" nor constituted a decision that could "not be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

\* \* \*

We have considered Thomas's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-7-