19-1035-cr
United States v. Holloway

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2019
No. 19-1035-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

JASON HOLLOWAY,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of New York.
No. 6:08-cr-6200-1 — Charles J. Siragusa, *Judge.*

ARGUED: FEBRUARY 26, 2020
DECIDED: APRIL 24, 2020

Before: PARKER, LIVINGSTON, and NARDINI, *Circuit Judges.*

Defendant Jason Holloway appeals from the denial of his motion for a reduction of his sentence pursuant to the First Step Act in the Western District of New York (Siragusa, *J.*). The district court

considered the motion under 18 U.S.C. § 3582(c)(2) and therefore deemed itself bound by § 1B1.10 of the U.S. Sentencing Guidelines, which permits a sentence reduction only to the extent that a relevant sentencing amendment lowers the defendant's Guidelines range. The district court concluded that Holloway's Guidelines range was unaffected by the First Step Act, and therefore held that Holloway was ineligible for a sentence reduction under the Act. The district court did not address Holloway's motion as to his term of supervised release. We hold that 18 U.S.C. § 3582(c)(1)(B), rather than § 3582(c)(2), is the correct basis for a motion to reduce a term of imprisonment under the First Step Act, and thus U.S.S.G. § 1B1.10 does not affect a defendant's eligibility for relief under the Act. Because we hold that Holloway was eligible for relief under the plain language of the Act, we **VACATE** the order denying the motion and **REMAND** for further proceedings consistent with this opinion.

---

MARYBETH COVERT, Federal Public Defender's Office, Western District of New York, Buffalo, NY, *for Defendant-Appellant*.

TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee.*

---

WILLIAM J. NARDINI, *Circuit Judge*:

Defendant-Appellant Jason Holloway appeals from the denial of his February 1, 2019, motion to reduce his sentence pursuant to

2

Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), in the United States District Court for the Western District of New York (Siragusa, *J.*). Holloway moved for a reduction of both his 168-month term of imprisonment and his ten-year term of supervised release. In considering Holloway's motion, the district court applied the framework of 18 U.S.C. § 3582(c)(2), including § 1B1.10 of the U.S. Sentencing Guidelines. Because Holloway had been sentenced as a career offender, the district court concluded that his Guidelines range after application of the First Step Act was equivalent to his original Guidelines range. Accordingly, the district court held that Holloway was ineligible for a reduction of his term of imprisonment. The district court did not address Holloway's motion for a reduction of his term of supervised release. During the pendency of this appeal, Holloway completed his prison term and was released from the custody of the Federal Bureau of Prisons.

We hold that Holloway's appeal was not mooted by his release from prison. Holloway remains eligible for a reduction in his term of supervised release. On the merits, we hold that Holloway was eligible for relief under the plain language of the First Step Act: The district court had previously sentenced him for a covered offense under the Act, and Holloway was not otherwise barred from relief under the Act's own limitations. We further hold that 18 U.S.C. § 3582(c)(1)(B), rather than § 3582(c)(2), provides the correct framework for consideration of a motion for a reduction of a term of imprisonment under the First Step Act; therefore, U.S.S.G. § 1B1.10 does not prevent a district court from considering a First Step Act motion made by a defendant whose new Sentencing Guidelines range is equivalent to his original range. Accordingly, we **VACATE** the order denying Holloway's motion and **REMAND** for proceedings consistent with this opinion.

## I.  BACKGROUND

### A.  Holloway's Initial Conviction and Sentencing

On September 24, 2008, Holloway was charged in a three-count indictment.  As relevant to this appeal, he pled guilty on January 9, 2009, to Count One, which charged him with possessing "with the intent to distribute fifty (50) grams of more of a mixture and substance containing a detectable amount of cocaine base," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  In his plea agreement, Holloway conceded that he possessed more than 50 but less than 150 grams of cocaine base, and that the government had seized 66.33 grams of cocaine base from him in February 2008.  Holloway also conceded two prior convictions, which the government and Holloway agreed rendered him a career offender under U.S.S.G. § 4B1.1.  Additionally, the government filed an information pursuant to 21 U.S.C. § 851 establishing a prior felony drug conviction.  The parties accordingly agreed to a Guidelines range of 262–327 months of imprisonment and ten years of supervised release.  Finally, the agreement contained

5

terms of cooperation, by which the government would seek a departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

The Probation Office then prepared a Presentence Investigation Report (PSR) agreeing with the parties' Guidelines calculations, and the government ultimately moved for a four-level downward departure per the terms of cooperation, leading to a recommended sentencing range of 168–210 months of imprisonment. The sentencing took place on June 22, 2010. The district court accepted the PSR calculations, granted the government's motion for a departure, and sentenced Holloway to 168 months in prison followed by ten years of supervised release.

## B. The Fair Sentencing Act and First Step Act

The Fair Sentencing Act, enacted in August 2010, altered the threshold drug quantities that trigger the varying penalty ranges for crack cocaine offenses located in 21 U.S.C. § 841(b)(1). *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372. As relevant to Holloway, the Fair Sentencing Act increased the threshold quantity for conviction under

6

§ 841(b)(1)(A) from 50 to 280 grams of crack cocaine. *Id.* The Fair Sentencing Act applied prospectively, as well as to offenses committed before the Act's enactment if the defendant had not yet been sentenced. But it did not apply retroactively to defendants, like Holloway, who had been sentenced before the Act became effective. *See United States v. Dorsey*, 567 U.S. 260, 281 (2012).[1]

In December 2018, Congress enacted the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Section 404(b) of the Act provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

---

[1] Holloway moved unsuccessfully for sentence reductions based on subsequent amendments to the Guidelines offense levels for crack cocaine offenses that the U.S. Sentencing Commission had made retroactive. *See* 75 Fed. Reg. 66188 (Oct. 27, 2010) (Emergency Amendment); U.S.S.G. App. C. Amend. 750 (2011) (codifying Emergency Amendment); U.S.S.G. App. C. Amend. 782 (2014). Holloway moved for these reductions pursuant to 18 U.S.C. § 3582(c)(2), which, as discussed below, requires that any reduction be consistent with Commission policy statements. Because Holloway was sentenced as a career offender, the Guidelines amendments did "not have the effect of lowering [his] applicable guideline range," and he was therefore ineligible for relief under U.S.S.G. § 1B1.10(a)(2)(B).

*Id.* § 404(b), 132 Stat. at 5222 (citation omitted). Section 404(a), meanwhile, defines the term "covered offense":

> In this section, the term ''covered offense'' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010.

*Id.* § 404(a), 132 Stat. at 5222 (citation omitted). The Act limits its application only by preventing courts from hearing motions if (1) the sentence in question "was previously imposed or previously reduced" in accordance with the relevant provisions of the Fair Sentencing Act, or (2) if a previous motion was made under the First Step Act and denied "after a complete review of the motion on the merits." *Id.* § 404(c), 132 Stat. at 5222. Finally, Section 404 states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

### C. Holloway's Motion for First Step Act Relief

After the First Step Act was enacted, Holloway moved for a sentence reduction pursuant to Section 404 on February 1, 2019. The

Probation Office produced a supplemental PSR, in which it concluded that Holloway was not eligible for a reduction of his term of imprisonment. The Probation Office interpreted Holloway's motion as one made under 18 U.S.C. § 3582(c)(2), meaning that any reduction would need to be consistent with policy statements of the Sentencing Commission. This included U.S.S.G. § 1B1.10(a)(2), which precludes reductions if the relevant amendment to the Sentencing Guidelines would "not have the effect of lowering the defendant's applicable guideline range." Concluding that Holloway's revised Guidelines range was equivalent to his original range, the PSR opined that Holloway was not eligible for a reduction of his term of imprisonment under the First Step Act. [2] The PSR did, however, note that Holloway's mandatory minimum period of supervised release had

---

[2] Holloway had been sentenced as a career offender, and, accordingly, his Guidelines range depended on the statutory maximum term of imprisonment for his offense. *See* U.S.S.G. § 4B1.1. In his case, however, that maximum was unchanged by the Fair Sentencing Act. *Compare* 21 U.S.C. § 841(b)(1)(A) (10 years to life), *with id.* § 841(b)(1)(B) (10 years to life for a person who has previously been convicted of a serious drug felony).

been reduced statutorily to eight years rather than ten.[3] The government subsequently agreed with the PSR's conclusion that Holloway was not eligible for any relief from his term of imprisonment because his Guidelines range was unchanged. The government also agreed that Holloway's statutory minimum supervised release term had been reduced and that he was thus eligible for a reduction on that front.

The district court, in a one-page order issued on April 8, 2019, agreed with the Probation Office and the government that Holloway was ineligible for a reduction of his prison term, finding that, under U.S.S.G. § 1B1.10(a)(2)(B), "the amendment does not have the effect of lowering [Holloway's] applicable guideline range[ and a]s such, the defendant is not eligible for a sentence reduction." Joint App'x at 111. The order did not address Holloway's supervised release term.

---

[3] Because Holloway was sentenced subject to a § 851 information establishing a prior felony drug conviction, he faced statutory minimum penalties of twenty years of imprisonment rather than ten, and ten years of supervised release rather than five.

10

Holloway filed a timely appeal from the order on April 15, 2019. On October 4, 2019, while this appeal was pending, Holloway was released from prison. He remains on supervised release.

## II.    DISCUSSION

On appeal, Holloway argues that the district court erred in considering his motion under 18 U.S.C. § 3582(c)(2) and thus applying U.S.S.G. § 1B1.10 to conclude he was not eligible for a reduction in his term of imprisonment. He also faults the district court for failing to address his supervised release term. We agree, and hold that Holloway was eligible for — though not necessarily entitled to — relief under the First Step Act.

We note at the outset that Holloway's appeal is not entirely moot. It is true that Holloway has already been released from prison, so it is too late to reduce his prison sentence. With respect to his request for a lower prison term, his appeal is therefore now moot. But the district court could still reduce his term of supervised release. On remand, if the district court does so, it may factor in how much (if at

11

all) it would have reduced Holloway's prison term. *See United States v. Barresi*, 361 F.3d 666, 675 (2d Cir. 2004); *see also United States v. Blackburn*, 461 F.3d 259, 262 & n.2 (2d Cir. 2006) (holding that challenge to sentence after release from prison was moot only where record made clear that "the possibility of the district court's imposing a reduced term of supervised release on remand is so remote and speculative" that merits decision would amount to advisory opinion). Because it remains possible for this Court to grant Holloway some form of "effectual relief" should he prevail, the appeal is not moot in its entirety. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

## A. Standard of Review

We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *See United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). However, that standard applies only if the district court exercised its discretion in the first place. Here, the district court concluded that Holloway was not eligible for a First Step Act reduction by operation of 18 U.S.C. § 3582(c)(2). The district court

12

premised its decision entirely on statutory interpretation, and so our review is *de novo*. *See United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (reviewing *de novo* a district court's denial of sentence reduction under § 3582(c)(2), where eligibility determination turned on statutory interpretation); *accord United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) ("We review de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction.").

B.    **Analysis**

Under the plain language of the First Step Act, Holloway was eligible to be considered for a sentence reduction. As described above, Section 404 bases eligibility — that is, when a court may entertain a motion for relief under the Act — on whether a sentence was imposed "for a covered offense." Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222. A covered offense, in turn, is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was

13

committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222

(citation omitted). To be eligible, then, Holloway was required to

demonstrate that he was sentenced for a particular "violation of a

Federal criminal statute," and that the applicable statutory penalties

for that violation were modified by the specified provisions of the Fair

Sentencing Act.[4] Section 2 of the Fair Sentencing Act altered the drug-

quantity thresholds for the imposition of penalties in 21 U.S.C.

§§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). Holloway was sentenced for

having violated Count One of the indictment, which charged him

with possessing with intent to distribute 50 grams or more of cocaine

base. As relevant to the First Step Act, the district court therefore

"imposed a sentence" under § 841(b)(1)(A), which, because Holloway

had a prior felony drug conviction, entailed a statutory sentencing

range of twenty years to life in prison, and a minimum of ten years of

---

[4] The relevance of a defendant's underlying offense conduct to the eligibility determination is not before us in this case, and so we leave that particular question to a future appeal.

14

supervised release.[5]  Under the new crack cocaine quantity thresholds enacted by the Fair Sentencing Act, his violation of Count One would have subjected Holloway to the lower statutory range of sentences set forth in § 841(b)(1)(B) — namely, ten years to life in prison, and eight or more years of supervised release.  As a result, because Section 2 of the Fair Sentencing Act modified the statutory penalties for the violation of 21 U.S.C. § 841(a) charged in Count One, for which he was sentenced — and because Holloway is not subject to either of the textual limitations imposed by Section 404(c) of the First Step Act —

---

[5] We emphasize that the inquiry under the plain language of the First Step Act is not whether the defendant was "charged with" a covered offense, but whether the court had previously "imposed a sentence" for a covered offense.  Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222.  This can be a meaningful distinction in particular cases, for example where a defendant pleads guilty and is sentenced to a lesser-included offense of the one outlined in the indictment.  There may also be a disjuncture between the language of the indictment and the violation for which a defendant was sentenced in cases predating *United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001) (en banc), where we first held that the drug quantity thresholds under 21 U.S.C. § 841(b)(1)(A) were elements of the offense which needed to be alleged in a charging document.  Accordingly, it is important to remain focused on the violation for which the district court "imposed a sentence" — a violation that might or might not correspond to the language of the indictment, depending on the case.

Holloway is eligible for relief under the plain language of the First Step Act.

The district court denied the motion, however, on the basis that Holloway's new Guidelines range would be no different from his original range. Without the benefit of any precedential interpretations of the First Step Act, the district court (and the Probation Office) understandably treated Holloway's motion for relief as one brought under 18 U.S.C. § 3582(c)(2) — a familiar procedural vehicle that has absorbed a considerable portion of district court dockets in recent years.[6] As noted above, the district court thus considered itself bound by U.S.S.G. § 1B1.10(a)(2), *see, e.g.*, *United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009) (noting that language of § 3582(c)(2) makes clear that courts "are bound" by

---

[6] The district court issued its ruling on a standard court form AO-247, which is captioned "ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO FIRST STEP ACT AND 18 U.S.C. § 3582(c)(l)(B)." Joint App'x at 111. Notwithstanding the form's opening recitation that the district court had considered § 3582(c)(l)(B), it is apparent from the ruling inserted by the court that it had, instead, considered itself bound by U.S.S.G. § 1B1.10(a)(2)(B), and therefore that it was operating under the rubric of § 3582(c)(2).

16

U.S.S.G. § 1B1.10 when considering motions under the statute), and it denied Holloway's motion because his Guidelines range was unchanged due to his status as a career offender.

A First Step Act motion, however, is not properly evaluated under 18 U.S.C. § 3582(c)(2). That provision applies only if the defendant seeks a reduction because he was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," *i.e.*, a change to the Sentencing Guidelines.[7] 18 U.S.C. § 3582(c)(2). But a First Step Act motion is based on the Act's own explicit statutory authorization, rather than on any action of the Sentencing Commission. For this reason, such a motion falls within the scope of § 3582(c)(1)(B), which provides that a "court may modify

---

[7] This authority, in relevant part, provides that "[t]he Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section." 28 U.S.C. § 994(o).

an imposed term of imprisonment to the extent otherwise expressly permitted by statute."[8] This section contains no requirement that the reduction comport with U.S.S.G. § 1B1.10 or any other policy statement, and thus the defendant's eligibility turns only on the statutory criteria discussed above. Accordingly, Holloway was eligible for a reduction in his term of imprisonment, and the district court erred in denying his motion solely on the basis that it believed itself to be bound by U.S.S.G. § 1B1.10.

Holloway likewise was eligible for a reduction in his term of supervised release, an issue not addressed by the district court in its denial of Holloway's motion. The First Step Act provides authority to district courts to reduce imposed *sentences*, a term that encompasses equally terms of imprisonment and terms of supervised release, both

---

[8] In so holding, we agree with the other Courts of Appeals to have thus far addressed this question. *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019); *United States v. Beamus*, 943 F.3d 789, 792 (7th Cir. 2019); *United States v. Gibbs*, 787 F. App'x 71, 72 n.1 (3d Cir. 2019) (mem.); *see also McDonald*, 944 F.3d at 772 (noting that eligibility for relief turns only on offense of conviction).

of which constitute statutory penalties which were modified by sections 2 and 3 of the Fair Sentencing Act. *Cf. Mont v. United States*, 139 S. Ct. 1826, 1834 (2019) ("Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence." (citing 18 U.S.C. § 3583)). Holloway's eligibility for a reduction in his term of supervised release thus turns on the same statutory criteria as does his eligibility for a reduction in his term of imprisonment.[9]

Finally, we emphasize what this opinion does not decide: First, while Holloway is plainly *eligible* for relief, he is not necessarily *entitled* to relief. The First Step Act is clear that it does not "require a court to reduce any sentence." Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. Whether Holloway's remaining term of supervised release

---

[9] Both parties agree that, because the government moved under 18 U.S.C. § 3553(e) at Holloway's original sentencing, the district court was not bound at that sentencing by the ten-year statutory minimum term of supervised release then applicable under 18 U.S.C. § 841(b)(1)(A). We hold — and the parties again agree — that the district court would likewise remain unconstrained on remand by the newly lowered statutory minimum of eight years (if indeed it chooses to exercise its discretion to reduce Holloway's term of supervised release).

should be reduced is a matter left to the district court's sound discretion. Second, because these issues are not properly before us, we do not decide the procedural requirements for consideration of a sentence reduction under the Act once eligibility has been determined, nor do we decide — except as noted above — what factors the district court may (or must) consider in weighing whether and to what extent a sentence reduction is warranted. We leave these and other questions concerning the First Step Act for another day.

## III. CONCLUSION

To summarize, we hold as follows:

(1) A defendant's release from prison during the pendency of an appeal of a denial of First Step Act relief does not moot the appeal, to the extent that the district court could still reduce an undischarged term of supervised release. Holloway is still serving a term of supervised release, and his request for a reduction of that term remains a live controversy.

(2) Where a defendant is not otherwise ineligible for First Step Act relief according to the limitations set forth in Section 404(c) of that Act, the defendant's eligibility depends only on whether the statutory penalties for the violation for which the defendant was sentenced were modified by Sections 2 and 3 of the Fair Sentencing Act.  In Holloway's case, the statutory penalties for Count One — of which he was convicted and for which he was sentenced — would have been lower in the wake of the Fair Sentencing Act. Accordingly, he is eligible for First Step Act relief.

(3) A defendant's eligibility for a reduced term of imprisonment under Section 404 of the First Step Act is not governed by 18 U.S.C. § 3582(c)(2), and thus a district court considering such a motion is not constrained by U.S.S.G. § 1B1.10(a)(2)(b).  Instead, such a motion is governed by 18 U.S.C. § 3582(c)(1)(B).  Holloway's eligibility for First Step

21

Act relief was therefore not dependent on whether his Guidelines range would be lower in light of the Fair Sentencing Act.

For the foregoing reasons, we **VACATE** the order denying Holloway's First Step Act motion and **REMAND** for consideration of a reduction in Holloway's term of supervised release consistent with this opinion.