19-3115-cr
*United States v. Marcus Snow*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*,
> GARY R. BROWN,
> > *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No. 19-3115-cr

MARCUS SNOW, AKA FLASH,

> *Defendant-Appellant*.[**]

_____

[*] Judge Gary R. Brown, District Judge for the Eastern District of New York, sitting by designation.

[**] The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

**For Defendant-Appellant:**    James C. Egan, Law Office of James C. Egan, PLLC, Rochester, NY.

**For Appellee:**    Katherine A. Gregory, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** to the district court.

Defendant Marcus Snow appeals from an order of the district court that denied his request for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In 2004, following a jury trial, Snow was convicted on several counts, including (i) conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and (ii) possession with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court originally imposed a life sentence

on Snow for each of those counts, but subsequently reduced that to 360 months' incarceration following certain retroactive amendments to the United States Sentencing Guidelines.

Separately, in August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which "altered the threshold drug quantities that trigger the varying penalty ranges for crack cocaine offenses located in 21 U.S.C. § 841(b)(1)," *United States v. Holloway*, 956 F.3d 660, 662 (2d Cir. 2020). "As relevant to [Snow], the Fair Sentencing Act increased the threshold quantity for conviction under § 841(b)(1)(A) from 50 to 280 grams of crack cocaine." *Id.* But, as those changes did not apply retroactively to defendants who were sentenced prior to their enactment, *id.*, the Fair Sentencing Act provided Snow no avenue for relief. That is, until 2018, when Congress enacted the First Step Act. Section 404(b) of the First Step Act made the Fair Sentencing Act's penalty threshold modifications retroactive, providing that:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

First Step Act, § 404(b), 132 Stat. at 5222 (internal citation omitted); *see also id.*
3

§ 404(a), 132 Stat. at 5222 (defining "covered offense" to mean "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010" (internal citation omitted)).

On May 10, 2019, Snow moved for a further reduction in his sentence pursuant to the First Step Act. Such motions require a court to conduct a two-part inquiry. "First, the court must determine whether the defendant is eligible for a reduction." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). "Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *Id.* Here, the district court denied Snow's motion at the first stage, finding that he was statutorily ineligible for relief given that the Fair Sentencing Act "does not have any impact on the guideline range subsequent to the [c]ourt's previous reduc[ti]on to [Snow's] sentence." App'x at 154. In other words, although the Fair Sentencing Act, together with the First Step Act, changed the statutory penalties for Snow's crime, the district court nonetheless determined that Snow was ineligible for relief because the two acts did not also alter his applicable Guidelines range.

4

But just seven months after the district court's order, we issued our opinion in *United States v. Holloway*, in which we held that a change in Guidelines range is not relevant to whether a defendant is eligible for a First Step Act resentencing. 956 F.3d at 665–66. Rather, we concluded that a defendant is eligible for relief so long as his motion concerns a sentence that "was imposed 'for a covered offense,'" which includes violations of 21 U.S.C. § 841(b)(1)(A). *Id.* at 664 (quoting First Step Act, § 404(b), 132 Stat. at 5222).

In light of *Holloway*, the government agrees with Snow that a remand is warranted so that the district court may consider Snow's motion on the merits. After reviewing the record, we concur: Snow is eligible for a reduced sentenced under the First Step Act. Of course, the mere fact that Snow is *eligible* for discretionary relief, does not mean that he is *entitled* to it. *Id.* at 666. As a result, whether Snow's sentence should be reduced "is a matter left to the district court's sound discretion." *Id.*; *see also Moore*, 975 F.3d at 92 n.36 (explaining that "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence").

Accordingly, we **REMAND** the case to the district court for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court