19-3163
*United States v. Rosario*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-one.

PRESENT:
    AMALYA L. KEARSE,
    PIERRE N. LEVAL,
    SUSAN L. CARNEY,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

     v.               No. 19-3163

ANTONIO ROSARIO, ALSO KNOWN AS CHICKEE,

    *Defendant-Appellant,*

CURTIS TAYLOR, SAMUEL VASQUEZ, ALSO KNOWN AS ROCK,

    *Defendants.*

---

FOR DEFENDANT-APPELLANT:    GEORGIA J. HINDE, ESQ., New York, NY.

FOR APPELLEE: MARGARET GRAHAM (Thomas McKay, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment entered on September 24, 2019, and the order entered on June 11, 2020, are **AFFIRMED**.

In 2015, Rosario was sentenced principally to 180 months' imprisonment on his convictions of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Rosario*, 652 F. App'x 38 (2d Cir. 2016) (affirming sentence).[1] The predicate "crime of violence" of the § 924(c) conviction was the Hobbs Act robbery conspiracy. After this Court determined that the offense no longer qualified as a "crime of violence" in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), *see United States v. Barrett*, 937 F.3d 126, 217 (2d Cir. 2019), the Government agreed to vacatur of the § 924(c) conviction and to plenary resentencing on the remaining counts. On September 24, 2019, the District Court resentenced Rosario to 180 months' imprisonment, maintaining his originally scheduled release date.

On appeal, Rosario challenges the procedural and substantive reasonableness of this sentence. We review his challenge under "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is *procedurally* unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Jesurum*, 819 F.3d 667, 670 (2d Cir. 2016) (emphasis in original). A sentence is *substantively* unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). "In determining whether a sentence falls within the permissible range, [the Court] patrol[s] the boundaries of

---

[1] Unless otherwise noted, in quotations from caselaw, this Order omits all alterations, brackets, citations, emphases and internal quotation marks.

reasonableness, cognizant of the fact that responsibility for sentencing is placed largely with the district courts." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017); *see United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (This Court will not use substantive reasonableness review as "an opportunity for tinkering with sentences [it] disagree[s] with," because it "place[s] great trust in sentencing courts").

We hold that the District Court's imposition of a 180-month sentence on Rosario was procedurally and substantively reasonable. Regarding procedural propriety, the District Court carefully followed all required steps, *see Jesurum*, 819 F.3d at 670: it first explained that, in the absence of the § 924(c) count, the Sentencing Guidelines range was 110 to 137 months, shifted down from the original range of 161 to 180 months. The recalculated range reflected an offense level of 26 and a criminal history category of V. When the District Court gave the parties opportunities to raise "any factual issues in dispute" or other issues that would bear on sentencing, neither party did. App. at 43.

The District Court then explained why the above-Guidelines sentence of 180 months was appropriate, resting both on the applicability of an upward departure under U.S.S.G. § 4A1.3(a)(1) and on an upward variance under its weighing of the 18 U.S.C. § 3553(a) factors. First, the court explained that a departure was warranted because "reliable information indicates that [Rosario's] criminal history category substantially under-represents the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3(a)(1). Specifically, in the court's view, Rosario's criminal history category understated his past *violent* misconduct. In 2002, Rosario was permitted to plead guilty to gun possession, even though he had admitted to shooting a victim on that occasion. Had Rosario been convicted of the shooting, then—combined with a prior violent felony conviction—he would have been sentenced in this case as a "career offender," as the District Court found. *See* U.S.S.G. § 4B1.1(a).[2] Under the Career Offender Guidelines, Rosario would have faced a sentencing range of 210 to 262 months.[3] The District Court therefore concluded that an above-Guidelines sentence was

---

[2] The District Court analyzed this issue correctly. Under U.S.S.G. § 4B1.1(a), a defendant is a career offender if he has two prior violent felony convictions and the instant offense is a "crime of violence" under the Guidelines' definition. Here, the instant offense—Hobbs Act robbery—qualifies as "crime of violence" as a "robbery" offense under the Guidelines. *See* § 4B1.2(a)(2).

[3] This calculation accurately applies U.S.S.G. § 4B1.1(b)(3). Because Hobbs Act robbery and conspiracy to commit Hobbs Act robbery each carry a statutory maximum penalty of 20 years' imprisonment, *see* 18 U.S.C. § 1951(a), then U.S.S.G. § 4B1.1(b)(3) provides that the career offender's offense level is 32 and the criminal history category is VI. The resulting sentencing range is 210 to 262 months, per the Guidelines' Sentencing Table.

appropriate. *See* U.S.S.G. § 4A1.3(a)(4)(A) (instructing sentencing courts to use "*as a reference*, the criminal history category applicable to defendants whose criminal history . . . most closely resembles that of the defendant's" in "determin[ing] the extent of a departure" to apply). Although the District Court did not strictly follow the procedures outlined in the Guidelines to reach this conclusion, it was not obligated to do so. *See United States v. Simmons*, 343 F.3d 72, 78 (2d Cir. 2003) ("[A]s long as the reasons for such a departure are fully explained, a mechanistic, step-by-step procedure is not required"); *see also United States v. Volger*, 763 F. App'x 18, 20 (2d Cir. 2019) (a court need not "strictly follow" the steps in U.S.S.G. § 4A1.3).

Second, the District Court explained that it arrived at the particular sentence of 180 months by weighing the § 3553(a) factors. Although the § 924(c) count had been vacated, the court noted that the facts about the offense, Rosario's past misconduct, and his character remained the same. It focused on how Rosario appeared not to have changed in prison since his 2015 sentence. His uneven disciplinary record, refusal of a work assignment, and in the court's view, most significantly, his rejection of a spot in a drug rehabilitation program "indicat[ed that] . . . down deep, [Rosario was not] ready to change [his] approach to life." *See* App. at 62-63. Furthermore, the court noted its concerns about Rosario's likelihood to recidivate, since none of his numerous previous sentences had deterred him from committing crimes upon his release or while in prison. *See* App. at 41-42, 61 (cataloguing Rosario's offenses, before he was detained in 2008 for this offense, including: a 1994 manslaughter conviction, a 1998 conviction for promoting contraband to prisoners, a 2001 controlled substances conviction, a 2002 firearm possession conviction, and a 2008 violation of parole as a result of committing the instant offense). Because the § 3553(a) factors had not changed since the 2015 sentencing, the District Court concluded that the same sentence as before—180 months' imprisonment—was appropriate.[4]

---

[4] As the District Court explained:

> When I sentenced you before, I was aware that I had to give you 84 months consecutive for the gun. Minimally, that required me to adjust the sentence on Counts One and Two to get to an aggregate sentence that I believed was fair. My approach to your sentence was my approach to every sentence I impose that has multiple counts. I look at what is an appropriate sentence, and that's where I'm going to end up. And if it means I need to jiggle around the penalty on one count to deal with what is a mandatory penalty on another count, I will do that, and that's what I did in your case. I thought at the time, and I continue

This record amply demonstrates that the District Court acted procedurally and substantively reasonably in imposing Rosario's sentence. Not only did the court follow the appropriate procedures, but the resulting sentence is plainly "located within the range of permissible decisions" required for substantive reasonableness. *Cavera*, 550 F.3d at 189.

Rosario also challenges the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on June 11, 2020.[5] Section 3582(c)(1)(A) provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

Rosario argues that the combined circumstances of dangerous conditions in prison during the pandemic and his chronic health problems present "extraordinary and compelling reasons" for his early release. The District Court assumed the validity of this argument, but it ultimately denied compassionate release without prejudice: it found that the § 3553(a) factors outweighed the dangers to Rosario's health. In particular, as during Rosario's resentencing, the District Court noted that Rosario had a violent history, continued to display anti-social behavior, had not progressed in prison, and lacked a solid reentry plan for after his release. The court also noted that Rosario was relatively young and his chronic conditions were managed well by medication, thus the risks to him were lower than to some other inmates. Nevertheless, the District Court invited Rosario to move again for early release if his personal circumstances and/or the circumstances in prison meaningfully changed. Based on this reasoned analysis, we find that the District Court did not abuse its discretion in denying without prejudice Rosario's motion for compassionate release.

\* \* \*

to think, that given your criminal conduct in this case and given your history of criminal conduct, that 15 years was the appropriate sentence for your conduct.

App. at 63.

[5] As counsel noted at oral argument, Rosario re-applied for compassionate release and was denied again without prejudice on December 24, 2020. Only the June 11, 2020 denial of compassionate release is before us in the instant appeal.

We have considered Rosario's other arguments on appeal and find in them no reason to reverse the District Court's rulings. For the foregoing reasons, the District Court's judgment and order are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court