20-2969-cr
*U.S. v. Robinson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                           20-2969-cr

            v.

DARREN CLAY ROBINSON, AKA Mountain, AKA
Darren Charles Robinson,

                *Defendant-Appellant,*

JOSE GILBERTO HARRIS, AKA Jose Hernandez,
LASHAUNDA TARVER, AKA Shaunda, YUSEF
 BOOTHMAN, AKA Rocket, BOBBY R. GRAHAM,
SHENIKA D. BOYD, AKA Misses, MARTY
 HUMPHREY, JALESSA SCOTT, WILLIE C. HAYES,
AKA Man, KIMBERLY PETTIES

                *Defendants.*[*]

_____

    [*]The Clerk of Court is directed to modify the caption of this case as shown above.

**FOR DEFENDANT-APPELLANT:**          DARREN ROBINSON, *pro se*, Joint Base MDL, NJ.

**FOR APPELLEE:**          MICHAEL S. BARNETT, RAJIT S. DOSANJH, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from an August 13, 2020 order of the United States District Court for the Northern District of New York (Mae D'Agostino, *Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 13, 2020 order of the District Court is **AFFIRMED**.

Appellant Darren Robinson, *pro se* and incarcerated, appeals from the denials of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release and subsequent motion for reconsideration. Robinson claimed that his vulnerability to COVID-19 infection justified a sentence reduction. The District Court denied compassionate release on the grounds that (1) Robinson had failed to demonstrate an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13, note 1(D), and (2) even if Robinson had demonstrated an extraordinary and compelling reason, the 18 U.S.C. § 3553(a) sentencing factors weighed against compassionate release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). When a district court premises its decision "entirely on statutory interpretation," we review *de novo. Id.* We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015).

Under 18 U.S.C. § 3582(c)(1)(A), a district court may, "after considering the factors set forth in [18 U.S.C.] Section 3553(a)," reduce a prisoner's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). Those sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,]" to deter criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2). In *Brooker*, we made clear that, when a prisoner—rather than the Bureau of Prisons—moves for a sentence reduction, courts are free to consider "the full slate of extraordinary and compelling reasons," and

that "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." 976 F.3d at 237.

The District Court did not abuse its discretion in denying Robinson's motion for a sentence reduction. It is true that, not having the benefit of our decision in *Brooker* when it ruled on Robinson's motion for reconsideration, the District Court erroneously permitted U.S.S.G. § 1B1.13, note 1(D) to constrain its discretion in determining whether extraordinary and compelling reasons existed. Remand is nonetheless not warranted here, because the District Court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release. The District Court's Section 3553(a) inquiry focused on Robinson's underlying conduct, which "gravely endangered the community" by distributing highly addictive substances; his history of drug dealing spanning over 38 years; and his extensive criminal history, all of which, in the court's view, presented a "substantial danger to the community." Gov't App'x at 133. The court also determined that, because Robinson had served less than 30% of his sentence, release would not "reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense." *Id.* (quoting § 3553(a)(2)(A)). We find no abuse of discretion in this analysis.[1]

## CONCLUSION

We have considered all Robinson's arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 13, 2020 order of the District Court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[1] In a recent case, we came to a similar conclusion. *See United States v. Butler*, 845 F. App'x 74, 76-77 (2d Cir. 2021) (affirming a district court's "discretion to consider how much time an inmate has already served of his overall sentence when the court is weighing whether a release for extraordinary and compelling circumstances is consistent with the Section 3553(a) factors," and ruling, based on the defendant's four-decade-long criminal history that his service of less than 30% of his 92-month sentence did not provide sufficient deterrence or obviate the danger to the public).