19-3636-cr
*United States v. Benjamin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-three.

PRESENT:
>JOHN M. WALKER, JR.,
>REENA RAGGI,
>EUNICE C. LEE,
>>*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

>*Appellee*,

v.                                                              No. 19-3636-cr

NEAL BENJAMIN,

>*Defendant-Appellant.* [*]

------------------------------------------------------------------


| | |
|---|---|
| For Appellee: | Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |
| For Defendant-Appellant: | Jonathan I. Edelstein, Edelstein & |

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Grossman, New York, NY.

Neal Benjamin, *pro se*, White Deer, PA.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Neal Benjamin appeals from the district court's denial of his resentencing motion brought pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Following a jury trial, Benjamin was convicted in 1999 of one count of conspiracy to distribute and possess with intent to distribute an unspecified amount of cocaine, cocaine base, and marijuana ("Count 1"), in violation of 21 U.S.C. § 846 as it relates to 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of distribution and possession with intent to distribute an unspecified amount of cocaine base ("Count 3"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In 2008, the court sentenced Benjamin to a maximum 20 years on Count 1 and 10 years on Count 3, to be served consecutively for a total of 30 years. The sentence was affirmed on appeal. *United States v. Benjamin*, 391 Fed. App'x 942 (2d Cir. 2010).

In 2019, Benjamin filed a First Step Act motion to reduce his sentence. The First Step Act made the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, retroactively applicable. First Step Act, Pub. L. No. 115-391, Sec. 404. The Fair Sentencing Act narrowed the sentencing disparity between cocaine and cocaine base (otherwise known as "crack") offenses by increasing the amount of crack required for conviction of certain offenses carrying mandatory minimum and/or increased maximum sentences. Fair Sentencing Act, Pub. L. No. 111-220, Sec. 2. To be eligible for a sentence reduction under the First Step Act, a defendant must have been

convicted of a "covered offense," *i.e.*, an offense for which the Fair Sentencing Act changed the statutory penalty. First Step Act, Pub. L. No. 115-391, Sec. 404; *see Terry v. United States*, 141 S. Ct. 1858, 1862 (2021). The district court denied Benjamin's motion, finding him ineligible for relief because his convictions for drug crimes subject to § 841(b)(1)(C)'s penalties are not covered offenses under the First Step Act.

On appeal, Benjamin, through counsel, urges the court to hold that crimes subject to § 841(b)(1)(C) penalties are covered offenses within the meaning of the First Step Act when the total sentence imposed exceeds § 841(b)(1)(C)'s 20-year maximum. Benjamin also argues, *pro se*, that (1) he was in fact sentenced under 21 U.S.C. § 841(b)(1)(A) (pondering, *inter alia*, a 10-year-to-life sentencing range for crimes involving certain drug quantities), making his a conviction for a covered offense; (2) the district court's factfinding at sentencing violated his Sixth Amendment rights; and (3) Congress' failure to provide a First Step Act remedy to defendants sentenced under § 841(b)(1)(C) violates the Equal Protection Clause.

We conclude that the district court properly denied Benjamin's First Step Act motion and reject Benjamin's *pro se* arguments. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The denial of a motion for a discretionary sentence reduction is typically reviewed for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). However, that standard applies only where the district court exercised its discretion in the first instance. *Id.* Where, as here, the district court determines that a defendant is ineligible for a discretionary sentence reduction based entirely on statutory interpretation, we review that determination de novo. *Id.*

## I.  Counseled Arguments

The Supreme Court's decision in *Terry v. United States*, which held that crimes subject to § 841(b)(1)(C) penalties are not covered offenses within the meaning of the First Step Act, is dispositive of this appeal.  141 S. Ct. at 1864.  *Terry* makes clear that because § 841(b)(1)(C) has no minimum crack quantity requirement,[1] the Fair Sentencing Act did not modify the statutory penalty for crimes subject to § 841(b)(1)(C) penalties.  *Id.* at 1863.  "Before [the Fair Sentencing Act of] 2010, the statutory penalties for [§ 841(b)(1)(C)] were 0-to-20 years, up to a $1 million fine, or both, and a period of supervised release. After 2010, these statutory penalties remain exactly the same."  *Id.* at 1862–63.  As such, a crime subject to § 841(b)(1)(C) penalties is not a "covered offense" for purposes of the First Step Act.  *Id.*

Benjamin seeks to distinguish *Terry* on the basis that the petitioner in that case received a 15-and-a-half-year sentence, under the 20-year maximum of § 841(b)(1)(C).  *Id.* at 1861.  Because Benjamin received two consecutive sentences under § 841(b)(1)(C), totaling 30 years, he maintains that his sentence exceeds the statutory 20-year maximum penalty authorized by § 841(b)(1)(C).  But Benjamin did not receive a sentence outside the 20-year statutory maximum authorized by § 841(b)(1)(C); he received two sentences within the statute's range.  The district court's decision to run these two distinct sentences consecutively, for a total term exceeding that statutorily-authorized sentence for a *single* conviction, is a perfectly permissible outcome that was not modified by the Fair Sentencing Act.  In short, both before and after 2010, the district court was empowered to order two sentences under § 841(b)(1)(C) to run consecutively, even if they exceeded 20 years.  *See* 18 U.S.C. § 3584 (granting district courts discretion to run sentences

---

[1] By contrast, § 841(b)(1)(A) and (B) have minimum crack quantities to trigger conviction.  By increasing the quantity of crack necessary for conviction under each subsection, the Fair Sentencing Act modified the statutory penalties under § 841(b)(1)(A) and (B), and thus drug crimes subject to such penalties are covered offenses under the First Step Act.  *Terry*, 141 S. Ct. at 1863.

consecutively). Thus, the fact that Benjamin, who was convicted of *two* counts carrying § 841(b)(1)(C) penalties, received a longer total sentence than the petitioner in *Terry*, who was convicted only of one count, 141 S. Ct. at 1861, does not meaningfully distinguish Benjamin's case. *Terry* simply does not leave room to argue that a crime carrying a § 841(b)(1)(C) penalty is a covered offense for purposes of the First Step Act.

Benjamin's second attempt to distinguish *Terry* on the basis that the Sentencing Guidelines, which incorporated the crack-cocaine disparity, played a role in his sentence is similarly unavailing. *Terry* makes clear that the *only* factor pertinent to identifying a covered offense for purposes of the First Step Act is whether the Fair Sentencing Act changed the statutory penalty. *Id.* at 1863–64.

## II. *Pro Se* Arguments

Benjamin's *pro se* arguments are equally unavailing. Benjamin argues that, because the district court made a drug quantity determination at sentencing, which is not necessary under § 841(b)(1)(C), he was in fact sentenced under § 841(b)(1)(A)—making his crimes covered offenses. He also claims that this judicial factfinding violated his Sixth Amendment right to have facts found by a jury. These arguments confuse two distinct aspects of the criminal process: making a finding regarding the elements necessary for conviction under a certain statute, and thereby determining what statutory sentencing range applies, and engaging in factfinding to make a Guidelines calculation. While the Sixth Amendment requires the former finding be made by a jury, the latter remains within the discretion of the sentencing judge. *See Oregon v. Ice*, 555 U.S. 160, 163–64 (2009) (noting that while the Sixth Amendment requires that juries "determin[e] whether the prosecution has proved each element of an offense beyond a reasonable doubt," judges may engage in judicial factfinding to select sentences within the statutory ranges). Here, a jury

found Benjamin guilty of the elements necessary for conviction under § 841(a)(1) and § 846 without regard to drug quantity such that § 841(b)(1)(C) provided the statutory sentencing range. The district court's calculation of the drug quantity at sentencing was relevant only to its calculation of Benjamin's Guidelines sentencing range, a factor properly considered in deciding Benjamin's ultimate sentence. *See* 18 U.S.C. § 3553(a)(4)(A). But the district court's factfinding did not alter the statutory sentencing range so as to transform Benjamin's counts of conviction from crimes subject to § 841(b)(1)(C) penalties to ones subject to § 841(b)(1)(A)'s higher penalties. Nor did it violate his Sixth Amendment right to have the elements of the offense determined by a jury. Furthermore, the district judge's decision to impose the sentences consecutively, which took Benjamin's total sentence outside the statutory maximum authorized by § 841(b)(1)(C), was likewise within the district court's discretion. *See* 18 U.S.C. § 3584; *Ice*, 555 U.S. at 163 (noting judges' typically "unfettered discretion" to determine "whether sentences for discrete offenses shall be served consecutively or concurrently"); *United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (noting that courts may impose consecutive sentences for multiple crimes exceeding maximum penalty for one crime).

Lastly, Benjamin's argument that the exclusion of defendants sentenced under § 841(b)(1)(C) from First Step Act relief violates the Equal Protection Clause fails because Benjamin has not carried his burden of negating "every conceivable basis which might support" that exclusion.[2] *Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

\*        \*        \*

---

[2] Benjamin does not argue that there is a fundamental right to sentence reduction or that the distinction between crack and cocaine offenders convicted of different subsections of § 841 implicates a suspect class. Therefore, rational basis review applies. *See Winston v. City of Syracuse*, 887 F.3d 553, 560 (2d Cir. 2018).

6

For the above reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court