*United States v. Fuller*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

PRESENT:
>JOHN M. WALKER, JR.,
>SUSAN L. CARNEY,
>MICHAEL H. PARK,
>*Circuit Judges.*

---

United States of America,

>*Appellee,*

>v.

Leonel Arellano, AKA Pudge, AKA Pudgie, Fabian Nash, AKA Fabe, AKA Ramone Vaughn, Tyrone Garcia, AKA Greedy, AKA Slim, AKA Ty, Ramone Vaughn, AKA Ramone Williams, Edward Gotay, AKA Devane, AKA Eddie, Damaris Tyesha Garcia, Hysain Kasaj, AKA Hus,

>*Defendants,*

Morris Fuller, AKA PJ, AKA Power Just, Enver Mehmeti, AKA En,

>*Defendants-Appellants.*

22-415-cr (L),
22-1200-cr (Con)

---

**FOR APPELLEE:**                          Samantha Alessi, David C. James & Anna L. Karamigios, Assistant United States Attorneys, *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANTS-APPELLANTS:**          César de Castro, The Law Firm of César De Castro, P.C., New York, NY *for Morris Fuller*.

James M. Schmitz, Law Office of James M. Schmitz, New York, NY *for Enver Mehmeti*.

Appeal from orders of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court as to Fuller is **AFFIRMED** and the order of the district court as to Mehmeti is **VACATED AND REMANDED**.

Defendants-Appellants Morris Fuller and Enver Mehmeti were members of a gang dealing cocaine and crack cocaine in Staten Island before their 2010 and 2009 indictments and subsequent convictions. Each received a lengthy sentence: 240 months for Fuller and 324 for Mehmeti. After the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, Fuller and Mehmeti each moved for a sentence reduction. The district court denied Fuller's motion, *see United States v. Fuller*, No. 09-CR-0165 (ILG), 2022 WL 598430 (E.D.N.Y. Feb. 28, 2022), and reduced Mehmeti's sentence by seven months, *see United States v. Mehmeti*, 604 F. Supp. 3d 70 (E.D.N.Y. 2022). Fuller challenges the denial of his motion. Mehmeti argues that his sentence should have been reduced further. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a district court's decision on a motion for a reduced sentence for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

**I.  Fuller**

Fuller argues that the district court did not adequately explain its decision to deny his motion. We disagree. The district court noted that Fuller's 240-month sentence was "only slightly higher than the maximum recommended range" of 188 to 235 months. *Fuller*, 2022 WL 598430, at *2. It explained that "[i]n light of the circumstances of the crime and Fuller's own history," a reduction was not warranted: Fuller "was the admitted supplier of a significant quantity of cocaine and crack cocaine to several street-level dealers, as well as to gang members" and he had been selling drugs for over a decade. *Id.* Additionally, Fuller's behavior in prison, which included fighting, threatening, possessing drugs, violence against staff, possession of weapons, and a serious assault, was "not the sort that makes the Court inclined to exercise its discretion and reduce the sentence it previously imposed." *Id.* at *3.

This is sufficient because it is "enough explanation of how [the district court] exercised its sentencing discretion to permit meaningful appellate review." *United States v. Torres*, No. 21-2511-cr, 2022 WL 17087048, at *3 (2d Cir. Nov. 21, 2022) (quoting *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013)). We thus affirm the district court's order denying Fuller's motion.

**II.  Mehmeti**

Mehmeti and the government agree that remand is necessary as to Mehmeti because the district court failed to apportion his sentence among his crimes of conviction as required by section 5G1.2(e) of the Sentencing Guidelines and because of changes in law subsequent to the district court's decision. We thus vacate and remand as to Mehmeti. Intervening case law has cast doubt on three of the district court's legal conclusions. First, "a district court adjudicating a motion under

the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison)." *Concepcion v. United States*, 597 U.S. 481, 486 (2022). But a district court may not "recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act. Rather, the First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Id.* at 498 n.6. Second, as we have recently stated, section 220.39(1) of the New York Penal Law is categorically broader than its federal counterpart because it covers more than optical and geometric isomers of cocaine. *See United States v. Minter*, 80 F.4th 406, 410-11 (2d Cir. 2023); *United States v. Chaires*, 88 F.4th 172, 178-79 (2d Cir. 2023).

Third, in adjudicating Mehmeti's First Step Act motion, the district court stated that it would "not consider any of the additional policy arguments that Mehmeti advances in support of a further reduction in his sentence," explaining that "consideration of such arguments is not appropriate on a motion for relief under the First Step Act." *Mehmeti*, 604 F. Supp. 3d at 75-76. The Supreme Court has made clear, however, that "district courts are always obligated to consider nonfrivolous arguments presented by the parties" in the First Step Act context—including, for example, "evidence of postsentencing rehabilitation." *Concepcion*, 597 U.S. at 487, 498. On remand, then, the district court should consider Mehmeti's nonfrivolous arguments. Of course, the district court is not *required* to exercise its discretion to reduce Mehmeti's sentence based on those arguments. *See id.* at 487. We vacate the district court's order and remand so that the district court can apportion the sentence and evaluate the impact of this intervening case law.

**\* \* \***

4

We have considered the remainder of Fuller's and Mehmeti's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the district court as to Fuller and **VACATE AND REMAND** the order of the district court as to Mehmeti.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court