19-3101-cr
*United States of America v. Jason Rose*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-one.

PRESENT:     ROBERT A. KATZMANN,
             RICHARD C. WESLEY,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                                      No. 19-3101

JASON ROSE,

        *Defendant-Appellant*.*

_____

| | |
|---|---|
| For Appellee: | Rebecca T. Dell (Danielle R. Sassoon, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney, Southern District of New York, New York, NY |
| For Defendant-Appellant: | Darrell B. Fields, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY |

---

\*         We direct the Clerk of Court to amend the caption as indicated.

On appeal from the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court entered on September 24, 2019, is **AFFIRMED**.

Defendant-Appellant Jason Rose appeals from an amended judgment entered on September 24, 2019, by the district court, reducing his sentence of imprisonment pursuant to Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. On March 2, 2005, a jury convicted Rose of narcotics and firearms offenses, including, as is most relevant here, one count of conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base, in a form commonly known as "crack," and less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D). On December 9, 2005, the district court sentenced Rose to a total of 300 months in prison, to be followed by a 10-year term of supervised release. On September 19, 2019, after Rose moved for a reduction in sentence under the First Step Act, the district court reduced Rose's aggregate sentence of imprisonment from 300 months to 228 months (specifically, reducing the sentence on the drug count from 240 months to 168 months) and declined to reduce Rose's term of supervised release. We assume the reader's familiarity with the case.

Rose argues that the district court abused its discretion in declining to grant him a more substantial reduction in sentence. He points to various sentencing factors which he contends supported a larger reduction and argues that the district court placed undue emphasis on his prison

2

disciplinary record.

In deciding a First Step Act motion for a reduction in sentence, a district court "must conduct a two-part inquiry. First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). An eligible defendant "is not necessarily *entitled* to relief. The First Step Act is clear that it does not 'require a court to reduce any sentence.'" *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) (quoting the First Step Act, § 404(c), 132 Stat. at 5222).

Here, the district court acted well within its broad discretion in concluding that Rose's lengthy history of prison disciplinary infractions, which included many recent violent infractions, did not support a larger reduction in sentence. *See Moore*, 975 F.3d at 92 n.36 (noting that, although "the First Step Act does not obligate a district court to consider post-sentencing developments[,] . . . a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence"). The district court held Rose's First Step Act motion in abeyance for four months in order to give Rose an opportunity to demonstrate reformed behavior to the court. Rose squandered this opportunity, incurring two more infractions during the four-month period. On this record, a 72-month reduction fell within the range of permissible decisions for the district court. *Cf. United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (holding that we will substitute our own judgment for a district judge's substantive sentencing analysis "only in exceptional cases where the [judge's] decision cannot be located within the range of permissible decisions" (internal quotation marks omitted)).

We have considered Rose's remaining arguments and conclude that they are without merit.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court