20-2972-cr
United States v. Moore

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-one.

PRESENT:
        AMALYA L. KEARSE,
        GERARD E. LYNCH,
        RICHARD J. SULLIVAN,
            *Circuit Judges.*

_____

United States of America,

            *Appellee*,

        v.                                              No. 20-2972

Lamar Moore,

            *Defendant-Appellant*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR APPELLEE:                                    Won S. Shin, Michael Dayton
                                                 Longyear, Thomas McKay,
                                                 Assistant United States
                                                 Attorneys, *for* Audrey Strauss,
                                                 United States Attorney for the
                                                 Southern District of New
                                                 York, New York, NY.


FOR DEFENDANT-APPELLANT:                          Lamar Moore, pro se,
                                                 Bruceton Mills, WV.


Appeal from orders of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Lamar Moore, pro se and incarcerated, appeals from the district court's June 23, 2020 and July 17, 2020 orders denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Moore then was serving a 151-month term of imprisonment after pleading guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A); and distribution of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D). In seeking compassionate release, Moore argued that he

2

was at high risk of contracting severe illness from COVID-19 due to his asthma and hypertension, which he claimed constituted an extraordinary and compelling reason to release him. Although the district court assumed that Moore had provided an extraordinary and compelling reason justifying release, it nevertheless denied the motion in June 2020, finding that Moore was a danger to the community under U.S.S.G. § 1B1.13(2) and that the objectives of sentencing set forth in 18 U.S.C. § 3553(a) weighed against his release. After the district court's ruling, Moore filed a supplemental letter indicating that FCI Hazelton, where Moore was detained, was then on lockdown due to COVID-19 exposure. The district court construed Moore's letter as a renewed motion for compassionate release and denied the motion in July 2020 for substantially the same reasons as stated in its prior order.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). That standard applies if the district court in fact exercised its discretion in denying the motion; where it premises its decision "entirely on statutory interpretation," our review is de novo. *Id.*

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Zullo*, 976 F.3d 228, 234–37 (2d Cir. 2020). Because the decision is discretionary, we have directed district courts to consider motions for a sentence reduction in two steps. "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020). In exercising its discretion at step two, the district court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the Bureau of Prisons could file a motion for compassionate release; in the First Step Act of 2018, Congress amended this statute to allow a defendant to move for his own compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); *Zullo*, 976 F.3d at 231–33. However, because the Sentencing Commission has not yet issued a policy statement "applicable" to

4

defendant-filed motions within the meaning of 18 U.S.C. § 3582(c)(1)(A), the only policy statement regarding compassionate release is § 1B1.13 of the Sentencing Guidelines, which outlines what findings a district court must make before granting compassionate release "[u]pon motion of the Director of Bureau of Prisons." U.S.S.G. § 1B1.13. In *Zullo*, this Court acknowledged that the text of § 1B1.13 is "clearly outdated" and held that it applies only to motions made by the Director of the Bureau of Prisons and not to motions filed by defendants. 976 F.3d at 235–37.

Here, the district court erred insofar as its rulings, which predated *Zullo*, held that the policy statement in § 1B1.13 was binding with respect to defendant-filed motions for compassionate release. *See id.* Relying on § 1B1.13, the district court determined that it could grant Moore's motion only if it concluded that he was "not a danger to the safety of any other person or to the community." D. Ct. Dkt. No. 80 at 3 (quoting U.S.S.G. § 1B1.13(2)). This was clearly wrong after *Zullo.*

Nevertheless, the district court's analysis did not end with its dangerousness finding under § 1B1.13(2) of the Sentencing Guidelines. Instead, the district court went on to assess the sentencing factors under 18 U.S.C. § 3553(a), which directs courts to consider "the nature and circumstances of the offense and

5

the history and characteristics of the defendant[;]" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,]" to deter criminal conduct, and to protect the public from further crimes; and "the sentencing range established" under the guidelines.   18 U.S.C. § 3553(a)(1)–(2), (4).

Indeed, the district court expressly considered these factors, weighing the nature of the offense, Moore's criminal history, the need for deterrence, and the need to protect the public.   It emphasized that Moore's possession of an AR-15 assault rifle, trafficking of firearms, and distribution of marijuana were "extraordinarily serious" offenses.   D. Ct. Dkt. No. 80 at 4. It also expressed concern that Moore was very likely to recidivate, given that he had committed "numerous serious offenses involving firearms, narcotics, and violence" and had committed the instant crimes while on parole shortly after being released from an 11-year state prison term.   *Id.*   Furthermore, although the district court acknowledged that Moore's need for medical care and his difficult childhood weighed in favor of release, the court ultimately concluded that those factors were "outweighed by the seriousness of [his] conduct, as well as the high likelihood that [he] would commit further offenses were he to be released early."   *Id.*

6

Moore now argues that his release is warranted because his crimes were not violent, he has "served [t]ime," and he is at risk of severe illness from COVID-19. Appellant's Br. at 12. But the district court gave due consideration to all these arguments, and we cannot say that its denial of compassionate release fell outside of "the range of permissible decisions," *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted), or otherwise constituted an abuse of discretion.[1]

We have considered all of Moore's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the June 23, 2020 and July 17, 2020 orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In his reply brief, Moore indicates that he contracted COVID-19 in December 2020 and, as of February 2021, has ongoing symptoms from the virus. We decline to remand based on these new facts, recognizing that the district court has already considered them in its March 2021 order denying Moore's January 2021 motion for compassionate release, from which he did not appeal.

7