*United States v. Holmes*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-one.

PRESENT:  AMALYA L. KEARSE,
                     GERARD E. LYNCH,
                     RICHARD J. SULLIVAN,
                                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                                    *Appellee*,

               v.                                                                            No. 20-484

SHARIF HOLMES,

                                                    *Defendant-Appellant*.

_____

**FOR APPELLANT:** BRUCE ROBERT BRYAN, Bryan Law Firm, Manlius, NY.

**FOR APPELLEE:** DEVON LASH, Assistant United States Attorney (Kevin Trowel, Assistant United States Attorney, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Sharif Holmes – who is currently serving a 180-month sentence based on his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 924(a)(2) and for possession of a firearm in a school zone in violation of 18 U.S.C. § 924(a)(4) – appeals from a January 16, 2020 order of the United States District Court for the Eastern District of New York (Amon, *J.*), denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Where a district court denies a motion for reduction of a sentence, we typically review that denial for abuse of discretion; where the "court premise[s] its decision entirely on statutory interpretation," we review de novo. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

In November 2019, Holmes filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asserted that he had an "extraordinary and compelling reason" for a sentence reduction because the government had effectively "duped" him into pleading guilty. The district court denied Holmes's motion, determining that his argument was "not a basis for compassionate release" under Section 1B1.13 of the United States Sentencing Guidelines Manual ("Guideline § 1B1.13"), and further finding that he still posed "a danger to the safety of any other person or to the community." App'x at 261–62.

After the district court denied Holmes's motion for compassionate release, this Court issued its decision in *United States v. Brooker (Zullo)*, 976 F.3d 228 (2d Cir. 2020). There, we held that Guideline § 1B1.13 remains "applicable" only to motions for compassionate release made by the Director of the Bureau of Prisons; for motions made by prisoners pursuant to the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, we concluded that nothing "in the now-outdated version of

3

Guideline § 1B1.13 limits the district court's discretion." *Id.* at 235–37 (punctuation omitted). After *Zullo*, a district court may entertain a prisoner's motion for compassionate release under the First Step Act, and may grant it if (1) there are "extraordinary and compelling reasons" warranting compassionate release and (2) the factors set forth in 18 U.S.C. § 3553(a) do not counsel against such release. We have not required district courts to answer these questions sequentially, as each is committed to the court's discretion. *See, e.g.*, *United States v. Robinson*, 2021 WL 2153708, at *1 (2d Cir. May 27, 2021) (summary order) (holding that a district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release").

On appeal, Holmes argues that the court abused its discretion when it relied on Guideline § 1B1.13 to deny his motion. But while the district court's reliance on the policy statement in Guideline § 1B1.13 was erroneous in light of *Zullo, see* 976 F.3d at 237, the court also provided another ground for denying Holmes's motion which rendered that misstep irrelevant. After explaining that it considered "the intent of the First Step Act, the Guidelines, and 18 U.S.C. § 3553(a)," App'x at 259, the district court went on to discuss the danger that Holmes presented to the community. In particular, the court emphasized Holmes's "very serious criminal

record," the seriousness of his most recent offense – which involved his "possession of a [loaded] nine-millimeter Kel Tech firearm" – and his "even more serious uncharged criminal conduct," which included a 1996 murder and an attempt to obstruct justice by threatening a government witness before sentencing. *Id.* at 262. The district court also considered Holmes's more recent conduct in prison before concluding that Holmes still posed a danger to the community and "that a reduction under the First Step Act is not warranted at this time." *Id.* at 259, 262.

Although Holmes makes much of the fact that, in its analysis, the district court specifically referred to 18 U.S.C. § 3142(g) – the statutory provision that must be considered under Guideline § 1B1.13(2) – there can be no doubt that the court's findings applied with equal force to the § 3553(a) factors relevant at step two of the *Zullo* analysis. Significantly, both statutory provisions direct courts to consider, as relevant, "the nature and circumstances" of a defendant's offense, *compare* 18 U.S.C. § 3142(g)(1) *with id.* § 3553(a)(1), and the danger that the individual poses to others, *compare* 18 U.S.C. § 3142(g)(4) (listing "the nature and seriousness of the danger to any person or community that would be posed by the person's release") *with id.* § 3553(a)(2)(C) (noting "the need for the sentence

imposed . . . to protect the public from further crimes of the defendant").

To be sure, § 3553(a) provides a broader list of factors for courts to consider than § 3142(g). But there is no reason to think that the district court overlooked the § 3553(a) factors in denying Holmes's motion for compassionate release. To the contrary, § 3553(a) is directly referenced in the First Step Act and was explicitly mentioned in the district court's January 2020 order. Any doubt on this score is eliminated by the district court's subsequent order issued in August 2020, in which the court denied a second motion for compassionate release filed by Holmes in June.[1] In that order, the court provided several reasons for denying Holmes's second motion, including an express consideration of the applicable § 3553(a) factors. *See* D. Ct. Dkt. No. 86, at 8–10. The district court then referred to the findings in its January 2020 order and recounted the exact facts discussed in that order, including Holmes's "very serious criminal record" and "even more serious uncharged criminal conduct."[2] *Id.*

---

[1] Holmes's second motion for compassionate release asserted that the risks of the COVID-19 pandemic constituted an "extraordinary and compelling reason" to reduce his sentence. *See* D. Ct. Dkt. No. 83.

[2] Although the district court's August 2020 order "postdated – and therefore was not part of – the record submitted on appeal," we may still "take judicial notice of it." *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003); *id*. at 205–06 (taking judicial notice of the existence of (1) a district court's order that issued after a party in the case had filed a notice of appeal, and (2) certain judicial actions taken therein); *New York ex rel. Spitzer v. Operation Rescue Nat'l,* 273 F.3d 184, 199 (2d Cir. 2001) (taking judicial notice of the existence of (1) a district court's

Based on this record, we cannot say that the district court abused its discretion in denying Holmes's request for compassionate release in January 2020. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

opinion that was not otherwise before the Court on appeal, and (2) judicial findings within that opinion).