United States v. Kee

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of June two thousand twenty-one.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.
            LEWIS A. KAPLAN,[1]
                *District Judge*.

_____

UNITED STATES OF AMERICA,

          *Appellee*,

      v.

DANETTE VAUGHAN, AKA SQUEEKY,

          *Defendant*,

CHARLES MICHAEL KEE, AKA O.G. MIKE,

          *Defendant-Appellant*.

_____

20-2156-cr

| | |
|---|---|
| Appearing for Appellant: | Charles Michael Kee, pro se, Edgefield, S.C. |
| Appearing for Appellee: | Micah F. Fergenson, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y. |

---

[1] Judge Lewis A. Kaplan, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Charles Michael Kee, proceeding pro se, appeals the district court's order denying his motion for a sentence reduction pursuant to the First Step Act of 2018. Kee was convicted of a racketeering offense pursuant to 18 U.S.C. § 1962(c) ("Count One"), and argued that one of the racketeering acts, distribution of crack cocaine under 21 U.S.C. § 841(b)(1)(C), qualified as a covered offense under the First Step Act. The district court denied the motion, having concluded that his sentence did not involve a covered offense under the First Step Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's order de novo. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). The First Step Act provides that a court may reduce a sentence for a "covered offense" and defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." Pub. L. No. 115-391 § 404(a), (b). To determine if an offense is a "covered offense" requires courts to look to "the statute under which a defendant was convicted, not the defendant's actual conduct." *United States v. Davis*, 961 F.3d 181, 187, 191 (2d Cir. 2020). A panel of this Court very recently held that convictions under Section 841(b)(1)(C) are not "covered offenses," *United States v. Young*, --- F.3d ---, 2021 WL 1997203 at *2, 7–9 (2d Cir. May 19, 2021), even though that issue was (and remains) pending before the Supreme Court in *Terry v. United States*, No. 20-5904. Regardless, we need not rely on *Young* to resolve this appeal because Kee was convicted and sentenced under Sections 1962(c) and 1963(a), not Section 841(b)(1)(C). The statutory penalties for this conviction were not modified by the Fair Sentencing Act.

"[T]he First Step Act provides courts with authority to reduce sentences only if they were imposed for violations of a covered offense." *United States v. Fletcher*, --- F.3d ---, 2021 WL 1823277 at *2 (2d Cir. May 7, 2021) (internal quotation marks omitted). Kee was not convicted under any statute modified by the Fair Sentencing Act. Nor was Kee sentenced based upon the statutory range for Section 841(b); although distribution of crack cocaine formed one of the racketeering acts, Section 1963 "independently establishes" his penalty range. *Id*. Accordingly, his racketeering conviction was not a covered offense.

We have considered the remainder of Kee's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk