20-2825-cr
*United States v. Al Kassar*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-one.

PRESENT: JON O. NEWMAN,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*                  20-2825-cr

        v.

MONZER AL KASSAR, aka ABU MUNAWAR,
aka EL TAOUS,

        *Defendant-Appellant,*

TAREQ MOUSA AL GHAZI, LUIS FELIPE MORENO
GODOY,

        *Defendants.*[*]

---

**FOR DEFENDANT-APPELLANT:**        Monzer Al Kassar, Marion, IL.

---

[*] The Clerk of Court is directed to amend the official caption as set forth above.

**FOR APPELLEE:**                                        Jason A. Richman, Danielle R. Sassoon, Assistant United States Attorneys, of Counsel, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 19, 2020 order of the District Court be and hereby is **AFFIRMED**.

Monzer Al Kassar, pro se and incarcerated, appeals from the District Court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Al Kassar argued that he was at high risk of contracting severe illness from COVID-19 due to his chronic health conditions, which, he argued, was an extraordinary and compelling reason to release him. The District Court denied his initial motion, finding that the risk of contracting COVID-19 at the prison where Al Kassar is detained, USP Marion, was minimal at the time. Al Kassar renewed his motion three months later, arguing that conditions at the prison had deteriorated. The District Court denied the renewed motion, ruling that Al Kassar had established extraordinary and compelling reasons for compassionate release, but that the 18 U.S.C. § 3553(a) factors weighed against releasing him. Al Kassar appeals the latter denial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in [§] 3553(a)" if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). The § 3553(a) factors considered include: "the nature and circumstances of the offense and the history and characteristics of the defendant," "the sentencing range established" under the guidelines, and "the need for the sentence imposed [ ] to reflect the seriousness of the offense, to promote respect for the law[,] to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[, and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2), (4).

We find no abuse of discretion in the District Court's weighing of these factors. The District Court found that "'almost all' the § 3553(a) factors counsel[ed] strongly against a sentence reduction," and emphasized that the nature of Al Kassar's offenses and the need to provide a just punishment weighed against release. 18 U.S.C. § 3553(a)(1), (a)(2)(A). The District Court considered that Al Kassar's crimes were "by any standard, egregious," that his sentence was, "if anything, on the lenient side," and that he had only served 13 years of his 30-year sentence. And it gave due consideration to Al Kassar's medical conditions, assuming that his age and diabetes, in the context of the pandemic, were "extraordinary and compelling" reasons for his release that were nonetheless outweighed by the seriousness of Al Kassar's offense. We determine that the District Court's conclusions were "within the range of permissible decisions," *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted), and accordingly affirm.

We find Al Kassar's arguments on appeal to be without merit. First, relying on *Brooker*, Al Kassar argues that the District Court erred by relying on U.S.S.G. § 1B1.13 to deny his motion. This argument is misplaced; as explained above, contrary to Al Kassar's argument, the District Court weighed the § 3553(a) factors to deny compassionate release.

Second, Al Kassar argues that the District Court improperly credited information that the Government provided concerning his medical treatment. We disagree. The Government conceded, and the District Court ruled, that Al Kassar's serious conditions were "extraordinary and compelling" circumstances in favor of compassionate release; nonetheless, the District Court found that this was outweighed by other factors, as discussed above.

Third, Al Kassar argues that the District Court failed to consider sentencing disparities between him and others similarly situated. While the District Court's order does not explicitly discuss potential disparities, we nonetheless find no abuse of discretion. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[W]e will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually."). Al Kassar relies on *United States v. Bout*, 731 F.3d 233 (2d Cir. 2013), to argue that his sentence was improperly disparate from a similarly situated defendant. While *Bout* presents similar facts to Al Kassar's case, *see* 731 F.3d at 236–37, sentencing disparity is a "relevant, but not controlling, sentencing factor," *United States v. Messina*, 806 F.3d 55, 66–67 (2d Cir. 2015), and the weight accorded any sentencing disparity "is a matter firmly committed to the discretion of the sentencing judge," *id.* (quoting *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006)). Moreover, the defendant in *Bout* received an overall sentence of 300 months, which is not greatly disparate from Al Kassar's 360-month sentence.

Finally, Al Kassar argues for the first time that the Government failed to comply with its obligations to Spain to sentence him to less than life imprisonment. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). This rule is discretionary and may be disregarded to

"remedy an obvious injustice," *id.*, but Al Kassar does not offer any reason for making an exception and none is apparent. In any event, he was sentenced to a determinate term of 30 years' imprisonment, which complied with the agreement between the Government and Spain.

## CONCLUSION

We have reviewed all of the arguments raised by Al Kassar on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 19, 2020 order of the District Court.

<div style="margin-left:auto;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

4