20-3731
United States v. Montanez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty-one.

PRESENT:
> **REENA RAGGI,**
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                                                                  20-3731

LUIS MONTANEZ, AKA WICHY,

        *Defendant-Appellant.*[1]

_____

FOR APPELLEE:                          Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANT-APPELLANT:** Martin J. Vogelbaum, Federal Public Defender's Office, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luis Montanez appeals from an October 19, 2020 order of the district court denying his motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Montanez argues that the district court abused its discretion in denying his motion. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We "review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quoting *Sims v. Blot* (*In re Sims*), 534 F.3d 117, 132 (2d Cir. 2008)). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

A district court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. §] 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors to be considered include "the nature and circumstances of the offense and the history and characteristics

of the defendant"; "the sentencing range established" under the Guidelines; and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(1)–(2), (4). It is within the discretion of a district court to determine what constitutes extraordinary and compelling reasons warranting sentence reduction. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) ("Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling.").

We find no abuse of discretion in the district court's denial of Montanez's motion for a sentence reduction. In its October 19, 2020 order, the district court adopted the rationale from its July 2020 order denying Montanez's earlier motion for a sentence reduction, explaining that Montanez had not presented new information or allegations that warranted reconsideration of the prior decision. In its July 2020 order, the district court explained that "[e]ven accepting that [Montanez] faces increased risk of infection and some risk of COVID-19 related complications, these considerations do not outweigh the Section 3553(a) sentencing factors that support maintaining his sentence." *United States v. Montanez*, No. 15-cr-122, 2020 WL 4218007, at *4 (W.D.N.Y. July 23, 2020). Factors in support of maintaining the sentence included "the substantial time remaining on Defendant's sentence, his serious offenses, his criminal history, and his prior violations of release conditions." *Id.* at *5. We identify no abuse of discretion in the district court's determination.

We also find Montanez's remaining arguments on appeal to be without merit. First, relying on *Brooker*, 976 F.3d 228, Montanez argues that the district court erred by relying on U.S.

3

Sentencing Guideline § 1B1.13 to deny his motion. This argument is misplaced. As discussed above, the district court weighed the § 3553(a) sentencing factors when determining whether to reduce Montanez's sentence.

Second, Montanez argues that the district court failed to reevaluate the original § 3553(a) sentencing factors to take account of Montanez's current medical condition and the context of the pandemic. This argument finds no basis in the record. The district court considered Montanez's medical conditions and accepted that they increased his risk of contracting COVID-19. *See Montanez*, 2020 WL 4218007, at *2–4.

Third, Montanez challenges the district court's assessment of the evidence. He claims that the district court erred by finding that Montanez would likely face some risk of infection under his release plan, which would have him live with his significant other, who works in the medical field. We find no error in the district court's consideration of the significant other's place of employment when determining "to what degree, if at all, are [Montanez's] chances of contracting COVID-19 increased while incarcerated compared to if he were released." *Id.* at *2. In any event, the district court concluded that "[e]ven accepting that [Montanez] faces [an] increased risk of infection," countervailing § 3553(a) sentencing factors outweighed that risk. *Id.* at *4.

We have considered the remainder of Montanez's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4