20-3829-cr
*United States v. Souza (Bolino)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand twenty-one.

PRESENT:
BARRINGTON D. PARKER,
GERARD E. LYNCH,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

United States of America,

*Appellee*,

v.                                                                                    20-3829

Michael Angelo Souza, AKA Mickey, Anthony Souza, AKA Ant, Nicholas Bruno, AKA Nicky, Shelton Willis, AKA Shel, Emanuel Ruta, AKA Manny, Charles Fusco, Donato DiCamillo, Charles McClean, AKA Chucky, Stuart Dugan, AKA Stuey, Michael Arminante, AKA Mickey Phones,

*Defendants*,

Michael Bolino, AKA Ba Ba, AKA Bo Bo, AKA Curly,

*Defendant-Appellant.*

FOR PLAINTIFF-APPELLEE:             Amy Busa, Sara K. Winik, Assistant United
                                    States Attorneys, *for* Jacquelyn M. Kasulis,
                                    Acting United States Attorney for the
                                    Eastern District of New York, Brooklyn,
                                    NY.

FOR DEFENDANT-APPELLANT:            Michael Bolino, pro se, Butner, NC.

Appeal from orders of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

In 2008, Michael Bolino pleaded guilty to conspiracy to collect extensions of credit by extortionate means and was sentenced to 240 months' imprisonment. In 2020, he moved for compassionate release under 18 U.S.C. § 3582(c) based on his medical conditions and the ongoing COVID-19 pandemic. The district court denied the motion, reasoning that Bolino had not shown extraordinary and compelling reasons warranting release and that the 18 U.S.C. § 3553(a) factors weighed against granting the motion. Bolino, proceeding pro se, moved for reconsideration, and the district court denied the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). That standard applies if the district court in fact exercised its discretion in denying the motion; where it premises its decision "entirely on statutory interpretation," our review is de novo. *Id.* We review a district

2

court's order on a motion for reconsideration for abuse of discretion. *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in Section 3553(a)" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). We held in *United States v. Brooker*, however, that the Sentencing Commission's policy statements do not "constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." 976 F.3d 228, 236 (2d Cir. 2020). Because the decision is discretionary, a district court considers a motion for a sentence reduction in two steps: "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

The district court did not abuse its discretion in denying Bolino's motions. With respect to the initial motion, there is no basis to disturb the district court's determination that Bolino failed to show any extraordinary or compelling reasons for compassionate release. The medical records demonstrated that Bolino's medical condition was stable and his mental faculties were intact. With

3

respect to his heart condition, Bolino underwent cardiac catheterization in February 2020, which did not reveal any blockages. Therefore, the district court did not err in concluding that Bolino's medical conditions were not as severe as Bolino claimed. Further, the district court's factual finding concerning the number of inmates infected with COVID-19 was not clearly erroneous. Bolino does not point to any evidence showing that the number of COVID cases cited by the district court for Bolino's particular facility at the time of its decision—one confirmed active case—was incorrect.

Moreover, the district court did not abuse its discretion by denying reconsideration. In order to obtain reconsideration of a decision, a movant must "point to controlling decisions or data that the court overlooked." *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted) (discussing reconsideration motion pursuant to Federal Rule of Civil Procedure 59). Bolino did not point to any new information in his reconsideration motion, aside from the increasing number of COVID cases (namely, 30 positive tests among the inmates at his facility). But, as the district court reasoned, the number of cases was extremely low for the facility in which Bolino was incarcerated, even accounting for the increase. Further, the district court considered *Brooker* in its analysis and determined that the evidence Bolino proffered was not sufficient to establish extraordinary and compelling circumstances under that new standard.

In any event, in connection with Bolino's compassionate release motion, the district court independently determined that, even if Bolino's medical conditions demonstrated extraordinary and compelling reasons for release, "the factors set forth in 18 U.S.C. § 3553(a) militate toward continued confinement." *United States v. Bolino*, 06-cr-806 (BMC), 2020 WL 4749807, at *2

4

(E.D.N.Y. Aug. 17, 2020); *see also id*. at \*6 ("Nor could defendant's motion survive the application of the relevant sentencing factors."). Bolino had previously been convicted of bank robbery in 1980 and, following his release, he was convicted of Hobbs Act robbery in 1996. In addition, Bolino's criminal activity was related to his long-standing affiliation with the Colombo crime family. Thus, the district court found that Bolino "has a long history with the Colombo organized crime family and his extensive, violent criminal history proves that prison has not deterred his unlawful predilections." *Id.* at \*6. Based upon these findings, the district court concluded that "[t]o reduce defendant's sentence would be diminishing his transgressions and undermining the goals of [the sentencing judge's] original sentence, among them, the need to dispense adequate punishment for defendant's multiple acts throughout his criminal career and to deter others from emulating his behavior." *Id*. We conclude that the district court acted within its discretion in reaching this conclusion based on its consideration of the Section 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1)–(2) (sentencing factors include, among other things, the defendant's criminal history and personal characteristics, as well as the need for a just punishment, deterrence, and protection of the public).

We have reviewed the remainder of Bolino's arguments and find them to be without merit. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

5