20-3156-cr
United States v. Cummings

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-one.

PRESENT:  JOHN M. WALKER, JR.,
                    GUIDO CALABRESI,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                              No. 20-3156-cr

JOHN CUMMINGS,

                    *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Jarrod W. Smith, Jarrod W. Smith, Esq., P.L.L.C., Jordan, NY

FOR APPELLEE: Carla B. Freedman, Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from an order of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

John Cummings appeals from an August 31, 2020 order of the District Court (Mordue, J.) denying his renewed motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2019 the District Court sentenced Cummings to 87 months in prison for participating in both a narcotics conspiracy and an international money laundering conspiracy. On June 15, 2020, Cummings moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his sentence should be reduced because his medical

conditions put him at a higher risk of severe illness or death from COVID-19.

The District Court denied the motion. On August 26, 2020, Cummings filed the renewed motion for compassionate release that is the subject of this appeal, and which the District Court also denied.[1] We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

Before reducing a defendant's term of imprisonment under the relevant compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), a district court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). Even if "extraordinary and compelling" circumstances exist, a district court may not reduce a defendant's sentence before considering "the factors set forth in section 3553(a) to the extent that they are

---

[1] Cummings's motion was styled as both a renewed motion for compassionate release and a motion for reconsideration of the District Court's prior order denying compassionate release. On appeal, the parties appear to focus on the District Court's denial of the renewed motion. To the extent that Cummings appeals the denial of his motion for reconsideration, we find no error in the District Court's decision. "A district court's denial of reconsideration is . . . reviewed for abuse of discretion." United States v. Moreno, 789 F.3d 72, 78 n.4 (2d Cir. 2015). Here, the District Court denied the motion for reconsideration after finding that Cummings had not presented any new evidence to justify compassionate release. The District Court's decision therefore fell within the range of permissible decisions.

3

applicable." Id. § 3582(c)(1)(A). "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).

In evaluating Cummings's renewed motion, the District Court incorporated by reference its prior decision denying his first motion for compassionate release on the ground that Cummings's "medical situation did not warrant compassionate release, based on his age, health, and the absence of COVID-19 cases at his facility, FCI Allenwood." Supp. App'x 51. The District Court next turned to the Section 3553(a) factors. Acknowledging that Cummings had completed "many educational courses and maintained employment while in prison," the District Court nonetheless held that the balance of the Section 3553(a) factors weighed against release given the serious nature of Cummings's offense—"distribut[ing] . . . massive quantities of synthetic drugs"—and the fact that Cummings had two prior felony convictions, most recently in 2015 for criminal possession of a narcotic. App'x 5.

On appeal, Cummings argues that the District Court failed to recognize that he suffers from chronic conditions that place him at a higher risk of death

from COVID-19, and that it also failed to consider the Section 3553(a) factors in evaluating his motion.   Neither of these arguments finds support in the record: the District Court explicitly discussed both Cummings's medical history and the Section 3553(a) factors.   Cummings also asserts that he is not a danger to the community, noting that his offenses were non-violent and that he has completed multiple educational courses while incarcerated.   While we commend Cummings for his efforts at self-improvement while incarcerated, we conclude that the District Court did not abuse its discretion when it considered these points and still found that the Section 3553(a) factors weighed against release.

Finally, Cummings asserts that he is needed at home to support his mother and family in light of his father's recent passing.   Although the District Court expressed sympathy for Cummings's desire to help his family, it concluded that these circumstances did not qualify as an extraordinary and compelling reason for release under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, the policy statement that used to limit the factors courts could consider in granting a reduction in sentence.   We recently held that courts are not bound by the factors listed in U.S.S.G. § 1B1.13 in evaluating a defendant's motion.   See United States

5

v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). While the District Court rejected Cummings's argument in light of U.S.S.G. § 1B1.13, it also rested its denial on the factors set forth in Section 3553(a) weighing against Cummings. That was an adequate independent basis for the decision, and, as mentioned earlier, the District Court did not abuse its discretion in arriving at that basis.

We have considered Cummings's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court