20-3456-cr
United States v. Warren

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-one.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                               No. 20-3456-cr

GABRIEL WARREN, AKA STACKZ,

*Defendant-Appellant*.*

-----------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT: Gabriel Warren, pro se, USP Allenwood, White Deer, PA

FOR APPELLEE: Maurene Comey, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Gabriel Warren, proceeding pro se, appeals from a September 14, 2020 order of the District Court (Seibel, J.) denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In 2018 the District Court sentenced Warren to 188 months in prison for participating in a racketeering conspiracy and a narcotics conspiracy, as well as for attempted murder in aid of racketeering. On September 2, 2020, Warren filed a pro se motion for compassionate release, arguing that his sentence should be reduced because he feared contracting COVID-19 in prison and because he was needed at home to

care for his sick daughter.  The District Court denied the motion.  Days later, Warren filed a letter notifying the District Court of his intent to reply to the Government's opposition to his compassionate release motion.  Having already denied the motion, the District Court held that a reply would be superfluous, though it invited Warren to file a renewed motion should new facts become available.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Under the relevant compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i).  Even if "extraordinary and compelling" circumstances exist, however, a district court may not reduce a defendant's sentence before considering "the factors set forth in section 3553(a) to the extent that they are applicable."  Id. § 3582(c)(1)(A).  "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion."  United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).

3

In evaluating Warren's motion, the District Court held that he had not established the requisite "extraordinary and compelling circumstances," noting that Warren was "young and healthy, with no COVID risk factors" and that there was "no indication" that his daughter was not receiving proper care. D. Ct. Dkt. No. 339 at 2. Even if Warren's circumstances could qualify as extraordinary and compelling, the District Court held that release would still be improper in light of the Section 3553(a) factors. Acknowledging that Warren had a clean disciplinary record and had "taken advantage of programming in prison," the District Court nonetheless held that the balance of the Section 3553(a) factors weighed against release given Warren's substantial criminal history, the serious and violent nature of his offenses, and the fact that he had committed his most recent offense while on parole. Id. at 2–3.

On appeal, Warren contends that the District Court abused its discretion when it denied his motion before affording him the opportunity to file a reply. We are aware of no authority requiring a district court to allow a defendant to file a reply before ruling on a compassionate release motion. But even if we were to identify procedural error here, such error is harmless where the record clearly

4

indicates that the District Court would have reached the same sentencing decision in any event.  See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009).

That is the case here.  Warren claims his reply would have highlighted the threat that COVID-19 variants pose to his health and shown that he is now the only person who can serve as a full-time caretaker for his daughter.  At most, these arguments may have convinced the District Court that Warren had demonstrated extraordinary and compelling reasons for release.  But they would not have changed the District Court's conclusion that release was inappropriate in light of the Section 3553(a) factors, which itself was an adequate basis for the District Court's decision.

Warren also maintains that his reply would have shown that he no longer poses a threat to the community.  But the District Court already acknowledged and dismissed the arguments Warren claims he would have made with respect to the threat he poses (or lack thereof).  While we commend Warren for his efforts at self-improvement while incarcerated, we conclude that the District Court did not abuse its discretion when it considered these points and still found that the Section 3553(a) factors weighed against release.

5

We have considered Warren's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court