21-1098-cr
*US v. Jara*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
            REENA RAGGI,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee,*                                    21-1098-cr

            v.

ISAAC JARA,

                *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**        Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

**FOR APPELLEE:**                   Steven J. Kochevar and David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 27, 2021 order of the District Court be and hereby is **AFFIRMED.**

In October 2018, Isaac Jara ("Jara") was sentenced to 10 years' incarceration for possession of child pornography—a mandatory minimum sentence, which applied based on his prior conviction for the same offense in 2014. In February 2021, Jara moved for compassionate release, arguing *inter alia* that his obesity and diabetes placed him at risk from COVID-19. The District Court denied the motion and Jara appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and alteration omitted). "[O]nce we are sure that [a] sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

"[U]pon motion of the defendant" a court "may reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i), *as amended by* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). The District Court concluded that Jara's having contracted and recovered from COVID-19 "undermine[d] the strength of his claim that he [had] established extraordinary and compelling reasons for release" and that data on the COVID-19 situation at FMC Devens—where Jara is incarcerated—further "greatly reduce[d] the risks of COVID-19 to Mr. Jara." App'x 50. The District Court also concluded "[s]eparately" that "consideration of the Section 3553(a) factors argue[d] strongly against early release." *Id.* In coming to the latter conclusion, the District Court emphasized its consideration of Jara's recidivism and the "extremely serious nature" of his offense conduct. *Id.*

Jara's primary argument on appeal is that the Section 3553(a) factors on which the District Court relied "cannot bear the weight of the sentence," and that the sentence is therefore unreasonable. Appellant's Br. at 21-24, 33-38; *see United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017). But Jara fails to identify any error of law or clearly erroneous finding of fact to support this argument. Instead, he advances characterizations of his offense conduct that minimize its seriousness, such as the number of pornographic images he uploaded and the non-computer device on which he uploaded them. We reject these characterizations. Even if we accepted them, Jara's

argument would still amount to no more than a disagreement with how the District Court weighed the Section 3553(a) factors that determined its disposition of his motion. But "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).

In sum, the District Court did not abuse its discretion in denying Jara's motion for compassionate release.

## CONCLUSION

We have reviewed all of the arguments raised by Jara on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 27, 2021 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3